UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                Petitioner  )<br>                          )<br>v.                          )<br>                          )<br>DANNY M. KELLY,      )<br>(Reg. No. 25756-038)     )<br>                Respondent  ) | Civil Action No.: 18-11102-MPK |

## ORDER OF CONDITIONAL RELEASE

Pursuant to 18 U.S.C. § 4246(e)(2)(A) and (B), Respondent Danny M. Kelly is to be released from the custody of the Attorney General of the United States under the following conditions:

1. Mr. Kelly will reside at Tewksbury Hospital, under the care of the Department of Mental Health (DMH), once a bed is available. When approved by his United States Probation Officer, Mr. Kelly can transition to his home address and reside with his wife, May Deviney. The United States Probation Office must approve any changes in residence.

2. Mr. Kelly shall participate in mental health and substance abuse services deemed necessary through the Department of Mental Health (DMH) and/or through other agencies approved through United States Probation. A DMH Case Manager will be appointed to assist with Mr. Kelly's aftercare services through the Lowell Site Office located at, telephone number:. Mr. Kelly will comply with treatment recommendations made by his probation officer or by the mental health professionals.

3. Once released from Tewksbury State Hospital, Mr. Kelly shall be placed on home detention to be enforced by Global Positioning Systems (GPS) and he shall abide by all technology requirements. Mr. Kelly is restricted to his residence at all times except for appointments pre-approved by the supervising officer. Appointments that would be authorized include employment; educational/vocational training, religious services, medical, substance abuse treatment, mental health treatment, attorney visits and court appearances.

4. Mr. Kelly will not knowingly be within 100 feet any cell phone transmission facility, utility or communications line or facility. This provision shall not, however, operate to prevent Mr. Kelly from being on a public way, being in his home or another's home or

        other building where he is authorized to be, or going about his authorized day to day affairs.

5. Mr. Kelly will comply with treatment recommendations made by his probation officer or by the mental health professionals.

6. Mr. Kelly will follow all rules, regulations, and instructions of treatment staff and comply with the recommended regimen. This will include his voluntary admission to an inpatient facility for stabilization should it be deemed necessary.

7. Mr. Kelly shall continue to take all medications. He will comply with all treatment recommendations made by his prescribing doctor, including compliance with injectable medications if prescribed.

8. Mr. Kelly will waive his rights to confidentiality regarding mental health and substance abuse treatment in order to allow sharing of information between treatment providers and the supervising United States Probation Officer.

9. Travel is restricted to the District of Massachusetts. Mr. Kelly may travel into New Hampshire a distance of 30 miles from his residence, if approved in advance by U.S. Probation and Pretrial Services.

10. Upon the recommendation of the medical provider or probation officer, Mr. Kelly will voluntarily admit himself into a hospital for treatment. If he refuses and his continued release would create a substantial risk of bodily injury to himself, another person, or serious damage to the property of another, he should be remanded to a suitable facility pursuant to 18 U.S.C. 4243(g).

11. Mr. Kelly shall abstain from the use of illegal narcotic substances or drugs. He shall not frequent places where illegal drugs are possessed, used, manufactured, sold, or distributed. If determined necessary by the probation office, he will participate in substance abuse treatment and be required to participate in random drug and breathalyzer testing.

12. Mr. Kelly will not have in his possession at any time, any actual or imitation firearm, destructive device, or other deadly weapon. He shall not disseminate on any social media platform or by other means information constituting instructions on how to assemble or design an explosive or incendiary device, including but not limited to the incendiary device he has admitted creating, whether in the form of an instruction manual, "How To" guide or similar form. He shall submit to a search without a warrant at the request of a probation officer or any law enforcement officer of his person, property, including vehicle or premises for the purpose of determining compliance with this condition. Revocation of conditional release is mandatory for possession of a firearm.

13. The United States Probation Office, District of Massachusetts, will supervise Mr. Kelly.

14. Pursuant to Title 18, United States Code, Section 4247(e), annual reports shall be filed by the director of the facility in which he is committed with the Court, with copies to the Assistant United States Attorney, Mr. Kelly's Federal Public Defender, and the Warden of the Federal Medical Center Devens, Ayer, Massachusetts.

15. Mr. Kelly will remain under the supervision of the United States Probation Office until he is discharged from all mental health treatment and/or his federal civil commitment. The primary treatment provider may be changed with the approval of the United States Probation Office.

16. The United States Marshals Service shall be notified to return Mr. Kelly to the custody of the Attorney General if it is determined that Mr. Kelly has violated any conditions which are established for him.

17. Mr. Kelly shall comply with the other standard conditions of release as proposed by the United States Probation Office.

It is further directed that Respondent's conditional release be accomplished as soon as placement and travel arrangements can be confirmed.

Respondent's failure to adhere to any of the conditions of his release may result in his being taken into custody and brought before this Court for review and possible revocation of his conditional release.

So ORDERED this _____ day of _____, 2019.

_____
M. Page Kelley
United States Magistrate Judge